■ NATIONAL FUEL GAS SUPPLY CORPORATION, Appellant-Respondent, v CUNNINGHAM NATURAL GAS CORPORATION, Respondent-Appellant. NATIONAL FUEL GAS SUPPLY CORPORATION, Appellant-Respondent, v MARION M. SMOLE, Respondent-Appellant. NATIONAL FUEL GAS SUPPLY CORPORATION, Appel-

lant-Respondent, v CORRINE J. LARSEN, Respondent-Appellant. —Judgment unanimously modified on the facts and as modified affirmed without costs, in accordance with the following Memorandum: In this condemnation proceeding, Supreme Court awarded defendant Cunningham Natural Gas Corporation the sum of $85,951 plus interest as just compensation for its leasehold interest in natural gas produced from a well in the Town of Wellington, Allegany County. The court found that there were 800,000 MCF of commercially recoverable gas in place and that the gas would be recovered over 20 years. In arriving at its determination of market value, the court used the contract price of $.665 per MCF to arrive at the gross annual income, deducted annual expenses, and capitalized the net annual income using a discount or capitalization rate of 10%. In our view, this computation does not reflect the market value of the gas in place because it fails to take into account the risk factor customarily used in the region by purchasers and sellers of gas rights. Plaintiff's experts testified that it was common practice in determining the market value of natural gas wells in the area to apply a "two-thirds risk factor multiplier". One of defendant's experts agreed that, normally, in determining the fair market value of a producing gas property, it was proper to consider a risk factor by reducing the computed value by one-third. He stated that he did not use a risk factor in this case because all risk of future production was removed when the well was appropriated.

Because market value is the measure of just compensation, it was improper for defendant's appraiser not to consider the risk factor customarily applied by buyers and sellers in the market and the court, in its determination of market value, should have applied a risk factor. Although the court, in a footnote, stated that its computations included a risk factor, it did not explain what risk factor it applied. Normally, in determining market value by the economic or capitalization of income method, the risk factor is taken into account in the capitalization rate. The greater the risk, the higher the capitalization rate used. Here, the court used a 10% capitalization rate. That rate, as shown by the appraisal report of plaintiff's expert, was almost equivalent to the yield on United States Treasury Bonds, an investment devoid of risk. Thus, the capitalization rate used by the court did not include a risk factor, and we conclude that no risk factor was included in any of the other figures used by the court in its computations —the MCF of gas in place, the value of gas per MCF, the number of years of production, and the annual cost of production.

Accordingly, we modify the judgment appealed from by reducing the award of $85,951 by one-third, making the award $57,301 plus interest. (Appeals from Judgment of Supreme Court, Allegany County, Horey, J.—Condemnation.) Present— Dillon, P. J., Boomer, Green, Pine and Davis, JJ. *[See,* 145 Misc 2d 825.]